# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| KEITH TOMCZYK, WHISPER DEMPSEY and JAMES DEMPSEY,<br><br>           Plaintiffs,<br><br>    -against-<br><br>HENKEL CORPORATION and HENKEL U.S. OPERATIONS CORPORATION,<br>                  Defendants. | Civil Action No.:<br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiffs KEITH TOMCZYK, WHISPER DEMPSEY and JAMES DEMPSEY, by their attorneys THE JACOB D. FUCHSBERG LAW FIRM, LLP, as and for their Verified Complaint, upon information and belief, allege the following:

## PARTIES

1.    At all times subsequently referenced, plaintiff KEITH TOMCZYK[1] was and is a resident, domicile and citizen of the State of Michigan.

2.    At all times subsequently referenced, plaintiff WHISPER DEMPSEY[2] was and is a resident, domicile and citizen of the State of Florida.

3.    At all times subsequently referenced, plaintiff JAMES DEMPSEY was and is a resident, domicile and citizen of the State of Florida.

---

[1] KEITH TOMCZYK is variously referred to as "Mr. TOMCZYK" and "TOMCZYK" throughout this complaint.
[2] WHISPER DEMPSEY is variously referred to as "Mrs. DEMPSEY" and "DEMPSEY" throughout this complaint.

4.      At all times subsequently referenced, plaintiff KEITH TOMCZYK resides at 25084 Pattow Street, Roseville, Michigan 48066.

5.      At all times subsequently referenced, plaintiff WHISPER DEMPSEY resides at 3620 Cordgrass Dr., Valrico, FL 33596

6.      At all times subsequently referenced, plaintiff JAMES DEMPSEY resides at 3620 Cordgrass Dr., Valrico, FL 33596.

7.      At all times subsequently referenced, defendant HENKEL CORPORATION was and is a business corporation, organized and existing under the laws of the State of Delaware, and maintains its principal executive offices at One Henkel Way, Rocky Hill, Connecticut 06067.

8.      At all times subsequently referenced, defendant HENKEL CORPORATION was and is a business corporation duly registered and authorized to conduct business in the State of Connecticut.

9.      At all times subsequently referenced, defendant HENKEL CORPORATION was and is a business corporation that is domiciled in the State of Connecticut.

10.     At all times subsequently referenced, defendant HENKEL CORPORATION, was and is a business corporation that was and is the manufacturer, marketer, distributor, and seller of an industrial and commercial cleaning solvent known as "Turco", primarily containing a toxic chemical known as trichloroethylene (i.e., "TCE") as an active ingredient.

11.     At all times subsequently referenced, defendant HENKEL CORPORATION, was and is a business corporation that manufactured, marketed, distributed, and sold an industrial and commercial cleaning solvent known as "Turco", containing a toxic chemical known as

trichloroethylene (i.e., "TCE") to the United States Navy during the approximate time period of 1989 – 1992.

12.    At all times subsequently referenced, defendant HENKEL U.S. OPERATIONS CORPORATION was and is a business corporation, organized and existing under the laws of the State of Delaware, and maintains its principal executive offices at One Henkel Way, Rocky Hill, Connecticut 06067.

13.    At all times subsequently referenced, defendant HENKEL U.S. OPERATIONS CORPORATION was and is a business corporation duly registered and authorized to conduct business in the State of Connecticut.

14.    At all times subsequently referenced, defendant HENKEL U.S. OPERATIONS CORPORATION was and is a business corporation that is domiciled in the State of Connecticut.

15.    At all times subsequently referenced, defendant HENKEL U.S. OPERATIONS CORPORATION, was and is a business corporation that was and is the manufacturer, marketer, distributor, and seller of an industrial and commercial cleaning solvent known as "Turco", containing a toxic chemical known as trichloroethylene (i.e., "TCE") as an active ingredient.

16.    At all times subsequently referenced, defendant HENKEL U.S. OPERATIONS CORPORATION, was and is a business corporation that manufactured, marketed, distributed, and sold an industrial and commercial cleaning solvent known as "Turco", containing a toxic chemical known as trichloroethylene (i.e., "TCE") to the United States Navy during the approximate time period of 1989 – 1992.

## JURISDICTION AND VENUE

17.     This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1332(a)(2)(A) because Plaintiffs and Defendants are of diverse citizenship and the matter in controversy exceeds seventy-five thousand dollars ($75,000.00) exclusive of interest and costs.

18.     The Court has jurisdiction over this matter and the venue of this action is premised upon defendants' transaction of business in the State of Connecticut since its principal executive offices are located in this state.

## NATURE OF THE CASE

19.     This action is for injuries sustained by plaintiffs KEITH TOMCZYK and WHISPER DEMPSEY as a result of prolonged direct exposure to dangerous levels of trichloroethylene (TCE) and other toxic substances, from the direct usage of defendants HENKEL CORPORATION and HENKEL U.S. OPERATIONS CORPORATION's[3] cleaning solvent product known as "Turco".

20.     It is claimed that KEITH TOMCZYK's and WHISPER DEMPSEY's exposure to dangerous levels of TCE and other toxic substances while using the product "Turco" during their service and deployment with the U.S. Navy during the period 1989 – 1992, was a substantial factor resulting in their development of cancer.

21.     The plaintiffs used or were exposed to "Turco", containing TCE, that was manufactured, marketed, distributed and sold by HENKEL CORPORATION and HENKEL U.S. OPERATIONS CORPORATION.

---

[3] Defendants are collectively referred to as "HENKEL" throughout this complaint.

4

22.     TCE is classified and scientifically established as a "known human carcinogen" and a toxic substance hazardous to human health by agencies of the U.S. government, International Association for Research on Cancer, and a broad consensus of knowledgeable experts in the fields of science and medicine.

23.     Mr. TOMCZYK developed Stage IV metastatic clear cell carcinoma of the left kidney in September, 2017.  Following a left kidney nephrectomy and resection of the tumor, Mr. TOMCZYK remained disease free for 2 ½ years.

24.     Mr. TOMCZYK was diagnosed with a recurrence of metastatic disease to his lung with involvement of mediastinal nodes in March, 2020.

25.     Mr. TOMCZYK had no reason to believe that his cancer diagnosis was caused by his exposure to "Turco" until May, 2020.

26.     Mrs. DEMPSEY was diagnosed with triple-negative breast cancer in October, 2017.

27.     Plaintiffs TOMCZYK and DEMPSEY did not discover, could not have discovered through the exercise of reasonable diligence, and had no reason to believe that their cancer diagnosis was caused by their exposure to "Turco" until within the last two years.

## FACTS COMMON TO ALL CAUSES OF ACTION

28.     The events, actions, conduct, activities, omissions, transactions, occurrences, incidents and circumstances at issue in this matter include, but are not limited to, the following facts:

### TCE Toxicity & Carcinogenicity

29.     A "carcinogen" is a substance that is known to cause cancer.

5

30.   TCE (trichloroethylene) was classified and accepted as a "known human carcinogen" by the U.S. government in 2016.

31.   TCE was also classified and scientifically accepted as a toxic substance hazardous to human health in non-cancerous ways since the 1950's.

32.   The U.N. World Health Organization (WHO) and International Association for Research on Cancer (IARC) declared TCE to be a known human carcinogen in 2011.

33.   TCE was declared a known human carcinogen by the USEPA, NIH/NIEHS National Toxicity Program, and U.S. Health & Human Services' Agency for Toxic Substances and Disease Registry (USHHS-ATSDR) in or about 2016.

34.   The 14th Report on Carcinogens to Congress described TCE as a known human carcinogen on November 3, 2016.

35.   TCE exposure can cause cancers and other diseases in humans through mutagenic, genotoxic and non-genotoxic mechanisms.

36.   TCE exposure can cause kidney cancer, kidney failure, liver cancer, liver failure, non-Hodgkin's lymphoma, esophageal cancer, breast cancer and other rare cancers, illnesses, injuries and conditions.

37.   Pathogenic TCE exposure routes are inhalation, trans-dermal contact, ingestion, and vapor intrusion into the ambient indoor air of enclosed structures.

**United States Navy VRC-50**

38.   VRC-50 was a Fleet Logistics Squadron of the United States Navy.

39.    It was established as Fleet Tactical Support Squadron 50 (VRC-50) on October 1, 1966, re-designated as Fleet Logistics Support Squadron Fifty (VRC-50) on April 1, 1976 and disestablished on October 7, 1994.

40.    The U.S. Naval Air Station (NAS) Cubi Point was a United States Navy aviation facility located at the edge of Naval Base Subic Bay in the Republic of the Philippines.

41.    The VRC-50 squadron was assigned to NAS Cubi Point.

42.    NAS Cubi Point and Naval Base Subic Bay were prominently used during Operation Desert Shield, from August 2, 1990 – January 17, 1991, and Operation Desert Storm from January 17, 1991 – February 28, 1991.

43.    The United States began withdrawal from these facilities in late 1991, with the withdrawal being completed in November 1992.

### KEITH TOMCZYK's Service with the U.S. Navy and Usage of "Turco"

44.    KEITH TOMCZYK, now fifty-two (52) years old, served five (5) years in the U.S. Navy from 1988-1993.

45.    In 1989, Mr. TOMCZYK was deployed to the Philippines and served with the Fleet Logistic Support Squadron Fifty (VRC-50) until late 1991.

46.    Mr. TOMCZYK extensively used "Turco" in the course of his service duties in the U.S. Navy while assigned to the Airframes shop, maintaining and cleaning flight controls, landing gears, hydraulic systems, corrosion control prevention and aircraft paintings on aircrafts including the C-130, C2-AR, US3-B and T-19.

47.    During this time "Turco" was used as a cleaning compound on the aircrafts and Mr. TOMCZYK would also use it to remove grease and oil from his hands, body and coveralls.

48.    Mr. TOMCZYK was exposed to hazardous, dangerous and unsafe levels of TCE exposure and contamination while using "Turco" during the course of his service duties in the Philippines.

### WHISPER DEMPSEY's Service with the U.S. Navy and Usage of "Turco"

49.    WHISPER DEMPSEY, now fifty-one (51) years old, served four (4) years in the U.S. Navy from 1989-1992.

50.    Mrs. DEMPSEY was known as Whisper Balch at the time she was on active duty.

51.    While on active duty with the U.S. Navy, WHISPER DEMPSEY was a member of the VRC-50 squadron. As an Airman in the Line Division, she extensively used "Turco" while deployed in the Philippines, in pertinent part, as a solvent, degreaser, cleaning solution and disinfecting agent for military aircraft.

52.    Mrs. DEMPSEY was tasked with using "Turco" to wash the wheel wells and engines of the aircraft in the squadron including C-130, S-3 and C-3 planes. While using "Turco" her body and clothes would become soaked in the solvent.

### "Turco" and HENKEL'S TCE Products Were Dangerously Defective and Not Reasonably Safe

53.    "Turco", as well as any other HENKEL TCE products, purchased by the U.S. Navy for use by their service members, including plaintiffs TOMCZYK and DEMPSEY, were not reasonably safe to users.

54.    "Turco", as well as any other HENKEL TCE products, purchased by the U.S. Navy for use by their service members, including plaintiffs TOMCZYK and DEMPSEY, presented an unreasonable risk of harm to users.

**HENKEL'S Failure to Provide Proper & Adequate Warnings**
**About the Dangers of its TCE Products**

55.    "Turco", as well as any other HENKEL TCE products, purchased by the U.S. Navy

for use by their service members, including plaintiffs TOMCZYK and DEMPSEY, did not have

proper and adequate warnings to users about the hazards, dangers, and risks to human health, safety

and welfare presented by these products including the risks of carcinogenicity, toxicity, injury and

illness.

**HENKEL'S Failure to Provide Proper & Adequate Instructions**
**About the Safe Use of its TCE Products**

56.    "Turco", as well as any other HENKEL TCE products, purchased by the U.S. Navy

for use by their service members, including plaintiffs TOMCZYK and DEMPSEY, did not have

proper and adequate instructions to users about the safe use, handling, storage, discharge, release,

discarding and disposal of these products.

**FIRST CAUSE OF ACTION:**
**NEGLIGENCE**

57.    Plaintiffs KEITH TOMCZYK and WHISPER DEMPSEY repeat, reallege and

reiterate each and every allegation contained in paragraphs numbered "1" through "56" of the

Complaint as if fully repeated, realleged and reiterated in this paragraph.

58.    HENKEL CORPORATION and HENKEL U.S. OPERATIONS CORPORATION

owed a duty of reasonable care to users of "Turco" and/or any of its TCE products, including

plaintiffs KEITH TOMCZYK and WHISPER DEMPSEY, to manufacture, market, distribute, sell

and place into the stream of commerce products that could be used in a reasonably safe manner.

9

59.    HENKEL CORPORATION and HENKEL U.S. OPERATIONS CORPORATION owed a duty of reasonable care to users of "Turco" and/or any of its TCE products, including plaintiffs TOMCZYK and DEMPSEY, to manufacture, market, distribute, sell and place into the stream of commerce products that did not subject people to an unreasonable risk of harm.

60.    HENKEL CORPORATION and HENKEL U.S. OPERATIONS CORPORATION owed a duty of reasonable care to users of "Turco" and/or any of its TCE products, including plaintiffs TOMCZYK and DEMPSEY, to properly and adequately provide warnings about the inherent hazards, dangers and/or risks of its products to human health, safety and welfare.

61.    HENKEL CORPORATION and HENKEL U.S. OPERATIONS CORPORATION owed a duty of reasonable care to users of "Turco" and/or any of its TCE products, including plaintiffs TOMCZYK and DEMPSEY, to properly and adequately instruct, educate and inform users about the inherent hazards, dangers and/or risks of its products to human health, safety and welfare.

62.    HENKEL CORPORATION and HENKEL U.S. OPERATIONS CORPORATION owed a duty of reasonable care to users of "Turco" and/or any of its TCE products, including plaintiffs TOMCZYK and DEMPSEY, to provide users with instructions for the proper and safe use, handling, storage, discharge, release, discarding and disposal of its products.

63.    HENKEL CORPORATION and HENKEL U.S. OPERATIONS CORPORATION breached and violated its duties to plaintiffs TOMCZYK and DEMPSEY to manufacture, market, distribute, sell and place into the stream of commerce "Turco" and/or any of its TCE products, that they could use in a reasonably safe manner.

64.    HENKEL CORPORATION and HENKEL U.S. OPERATIONS CORPORATION breached and violated its duties to plaintiffs TOMCZYK and DEMPSEY to manufacture, market,

distribute, sell and place into the stream of commerce "Turco" and/or any of its TCE products, that did not subject them to an unreasonable risk of harm.

65.    HENKEL CORPORATION and HENKEL U.S. OPERATIONS CORPORATION breached and violated its duties to plaintiffs TOMCZYK and DEMPSEY to properly and adequately provide warnings to them about the inherent hazards, dangers and/or risks of its "Turco" and/or any of its TCE products, to human health, safety and welfare.

66.    HENKEL CORPORATION and HENKEL U.S. OPERATIONS CORPORATION breached and violated its duties to plaintiffs TOMCZYK and DEMPSEY to properly and adequately instruct, educate and inform them about the inherent hazards, dangers and/or risks of "Turco" and/or any of its TCE products, to human health, safety and welfare.

67.    HENKEL CORPORATION and HENKEL U.S. OPERATIONS CORPORATION breached and violated its duties to plaintiffs TOMCZYK and DEMPSEY to properly and adequately provide instructions to them about the proper and safe use, handling, storage, discharge, release, discarding and disposal of "Turco" and/or any of its TCE products.

68.    HENKEL CORPORATION and HENKEL U.S. OPERATIONS CORPORATION negligently failed to manufacture, market, distribute, sell and place into the stream of commerce "Turco" and/or any of its TCE products, that could be used by plaintiffs TOMCZYK and DEMPSEY in a reasonably safe manner.

69.    HENKEL CORPORATION and HENKEL U.S. OPERATIONS CORPORATION negligently failed to manufacture, market, distribute, sell and place into the stream of commerce "Turco" and/or any of its TCE products, that did not subject plaintiffs TOMCZYK and DEMPSEY to an unreasonable risk of harm.

70.   HENKEL CORPORATION and HENKEL U.S. OPERATIONS CORPORATION negligently failed to properly and adequately provide warnings to plaintiffs TOMCZYK and DEMPSEY about the inherent hazards, dangers and/or risks of "Turco" and/or any of its TCE products, to human health, safety and welfare.

71.   HENKEL CORPORATION and HENKEL U.S. OPERATIONS CORPORATION negligently failed to properly and adequately instruct, educate and inform plaintiffs TOMCZYK and DEMPSEY about the inherent hazards, dangers and/or risks of "Turco" and/or any of its TCE products, to human health, safety and welfare.

72.   HENKEL CORPORATION and HENKEL U.S. OPERATIONS CORPORATION negligently failed to properly and adequately provide instructions to plaintiffs TOMCZYK and DEMPSEY and others for the proper and safe use, handling, storage, discharge, release, discarding and disposal of those products.

73.   HENKEL    CORPORATION    and    HENKEL    U.S.    OPERATIONS CORPORATION's foregoing negligence caused, contributed to and was a substantial factor resulting in injuries, illnesses, harm, losses and damages sustained by plaintiffs TOMCZYK and DEMPSEY.

74.   Plaintiffs TOMCZYK and DEMPSEY also sustained conscious pain and suffering, grave injuries, loss of function of an organ, sequelae, recurrence risks, worsened prognosis, decreased life expectancy, distress, anguish, worry, anxiety, medical monitoring, limitations in activities of daily living, and loss of enjoyment of life.

75.   Plaintiffs TOMCZYK and DEMPSEY were also caused to undergo extensive medical treatment.

76.    Plaintiffs TOMCZYK and DEMPSEY also sustained the expenses and costs of the medical treatment and other economic losses.

77.    The injuries, illnesses, harm, losses and damages sustained by plaintiffs TOMCZYK and DEMPSEY were caused solely and wholly by virtue of the foregoing negligent acts, omissions and conduct of HENKEL CORPORATION and HENKEL U.S. OPERATIONS CORPORATION and were in no way caused and/or contributed to by the plaintiffs.

78.    As a result of HENKEL CORPORATION and HENKEL U.S. OPERATIONS CORPORATION's actions, plaintiffs TOMCZYK and DEMPSEY were unaware, and could not have reasonably known or have learned through reasonable diligence that "Turco" contact, exposed plaintiffs to the risks alleged herein and that those risks were the direct and proximate result of HENKEL CORPORATION and HENKEL U.S. OPERATIONS CORPORATION's acts and omissions.

79.    As a result of the negligence of HENKEL CORPORATION and HENKEL U.S. OPERATIONS CORPORATION, plaintiffs TOMCZYK and DEMPSEY have been damaged in an amount in excess of $75,000.00, the sum specified by 28 U.S.C. §1332.

80.    By reason of the foregoing, plaintiffs TOMCZYK and DEMPSEY are entitled to monetary damages from defendants HENKEL CORPORATION and HENKEL U.S. OPERATIONS CORPORATION for their non-economic and economic injuries that exceed $75,000.00, the sum specified by 28 U.S.C. §1332.

81.    By reason of the foregoing, plaintiff KEITH TOMCZYK demands judgment against defendant in the amount of $25,000,000.00 in damages.

82.    By reason of the foregoing, plaintiff WHISPER DEMPSEY demands judgment against defendant in the amount of $25,000,000.00 in damages.

## SECOND CAUSE OF ACTION:
## STRICT PRODUCTS LIABILITY FOR
## DANGEROUSLY DEFECTIVE PRODUCTS

83. Plaintiffs KEITH TOMCZYK and WHISPER DEMPSEY repeat, reallege and reiterate each and every allegation contained in paragraphs numbered "1" through "82" of the Complaint as if fully repeated, realleged and reiterated in this paragraph.

84. HENKEL CORPORATION and HENKEL U.S. OPERATIONS CORPORATION, produced, distributed and supplied the TCE product known by the name "Turco", and/or similar TCE products in aerosol, liquid and liquid bulk form, used by the U.S. Navy, including KEITH TOMCZYK and WHISPER DEMPSEY.

85. HENKEL CORPORATION and HENKEL U.S. OPERATIONS CORPORATION owed a duty to users, including KEITH TOMCZYK and WHISPER DEMPSEY, of the product "Turco", and/or similar TCE products in aerosol, liquid and liquid bulk form, used by the U.S. Navy to manufacture, market, distribute, sell and/or place into the stream of commerce products that were reasonably safe.

86. HENKEL CORPORATION and HENKEL U.S. OPERATIONS CORPORATION owed a duty to users of the product "Turco", and/or similar TCE products in aerosol, liquid and liquid bulk form, used by the U.S. Navy, including KEITH TOMCZYK and WHISPER DEMPSEY, to manufacture, market, distribute, sell and/or place into the stream of commerce products that did not subject users to an unreasonable risk of harm.

87. HENKEL CORPORATION and HENKEL U.S. OPERATIONS CORPORATION breached and violated their duties to KEITH TOMCZYK and WHISPER DEMPSEY and other service members of the U.S. Navy, to manufacture, market, distribute, sell and/or place into the stream of commerce products that were reasonably safe.

14

88.     HENKEL CORPORATION and HENKEL U.S. OPERATIONS CORPORATION breached and violated their duties to KEITH TOMCZYK and WHISPER DEMPSEY and other service members of the U.S. Navy, to manufacture, market, distribute, sell and/or place into the stream of commerce products that did not subject users to an unreasonable risk of harm.

89.     HENKEL CORPORATION and HENKEL U.S. OPERATIONS CORPORATION manufactured, marketed, distributed, sold, supplied and/or placed into the stream of commerce the product "Turco", and/or similar TCE products in aerosol, liquid and liquid bulk form used by the U.S. Navy, that were not reasonably safe to the detriment of KEITH TOMCZYK and WHISPER DEMPSEY and other service members of the U.S. Navy.

90.     HENKEL CORPORATION and HENKEL U.S. OPERATIONS CORPORATION manufactured, marketed, distributed, sold, supplied and/or placed into the stream of commerce the product "Turco", and/or similar TCE products in aerosol, liquid and liquid bulk form, used by the U.S. Navy, that subjected users to an unreasonable risk of harm to the detriment of KEITH TOMCZYK and WHISPER DEMPSEY and other service members of the U.S. Navy.

91.     The product "Turco", and/or similar TCE products in aerosol, liquid and liquid bulk form, used by the U.S. Navy, distributed and supplied by HENKEL CORPORATION and HENKEL U.S. OPERATIONS CORPORATION, were human carcinogens, nephrotoxic, toxic to humans health in many ways, and ultra-hazardous, hazardous and dangerous to human health, safety and welfare.

92.     KEITH TOMCZYK and WHISPER DEMPSEY and other service members of the U.S. Navy sustained TCE exposures that were carcinogenic, nephrotoxic, toxic, and/or ultra-hazardous, hazardous and/or dangerous to their health, safety and welfare through their usage of the product "Turco".

15

93.    The foregoing hazards, dangers and risks to the human health, safety and welfare of KEITH TOMCZYK and WHISPER DEMPSEY and other service members of the U.S. Navy, from the product "Turco" and/or similar TCE products manufactured, marketed, distributed, sold, supplied and/or placed into the stream of commerce by HENKEL CORPORATION and HENKEL U.S. OPERATIONS CORPORATION were inherent, latent and not open or obvious.

94.    The foregoing hazards, dangers and risks to human health, safety and welfare of KEITH TOMCZYK and WHISPER DEMPSEY and many other service members of the U.S. Navy, from the use and/or misuse of the product "Turco" and/or similar TCE products manufactured, marketed, distributed, sold, supplied and/or placed into the stream of commerce by HENKEL CORPORATION and HENKEL U.S. OPERATIONS CORPORATION was foreseeable.

95.    HENKEL CORPORATION and HENKEL U.S. OPERATIONS CORPORATION is strictly liable for the manufacture, marketing, distribution, sale and/or placement into the stream of commerce the product "Turco", and/or similar TCE products in aerosol, liquid and liquid bulk form, used by the U.S. Navy, that were dangerously defective, not reasonably safe and presented an unreasonable risk of harm.

96.    The foregoing conduct of HENKEL CORPORATION and HENKEL U.S. OPERATIONS CORPORATION caused, contributed to and was a substantial factor resulting KEITH TOMCZYK's and WHISPER DEMPSEY's cancers, toxicity, injuries, illnesses, harm, losses and damages.

97.    The foregoing conduct of HENKEL CORPORATION and HENKEL U.S. OPERATIONS CORPORATION caused, contributed to and were substantial factors resulting in KEITH TOMCZYK's kidney cancer, kidney failure risks, need for left radical nephrectomy,

16

recurrent metastatic disease, need for VATS wedge resection, need for combination immunotherapy, conscious pain and suffering, grave injury, consequential medical sequelae, scarring, disfigurement, cancer recurrence risks, worsened prognosis, decreased life expectancy, distress, anguish, worry, anxiety, fatigue, medical monitoring, past and future medical expenses, past and future income loss, past and future occupational disabilities, limitations in activities of daily living, and loss of enjoyment of life.

98.    The foregoing conduct of HENKEL CORPORATION and HENKEL U.S. OPERATIONS CORPORATION caused, contributed to and were substantial factors resulting in WHISPER DEMPSEY's breast cancer, need for lumpectomy, need for a modified radical mastectomy, bone marrow transplant, metastatic disease, need for cholecystectomy, headaches, lymphedema, neuropathy, conscious pain and suffering, grave injury, consequential medical sequelae, scarring, disfigurement, recurrence risks, worsened prognosis, decreased life expectancy, distress, anguish, worry, anxiety, medical monitoring, past and future medical expenses, past and future income loss, past and future occupational disabilities, limitations in activities of daily living, and loss of enjoyment of life.

99.    The injuries, illnesses, harm, losses and damages sustained by KEITH TOMCZYK and WHISPER DEMPSEY were caused solely and wholly by virtue of the foregoing acts, omissions and conduct of HENKEL CORPORATION and HENKEL U.S. OPERATIONS CORPORATION and were in no way caused and/or contributed to by the plaintiffs herein.

100.    As a result of HENKEL CORPORATION and HENKEL U.S. OPERATIONS CORPORATION's actions, plaintiffs TOMCZYK and DEMPSEY were unaware, and could not have reasonably known or have learned through reasonable diligence that "Turco" contact, exposed plaintiffs to the risks alleged herein and that those risks were the direct and proximate

17

result of HENKEL CORPORATION and HENKEL U.S. OPERATIONS CORPORATION's acts and omissions.

101.    As a result of the foregoing conduct of HENKEL CORPORATION and HENKEL U.S. OPERATIONS CORPORATION, KEITH TOMCZYK and WHISPER DEMPSEY have been damaged in an amount in excess of $75,000.00, the sum specified by 28 U.S.C. §1332.

102.    By reason of the foregoing, plaintiffs TOMCZYK and DEMPSEY are entitled to monetary damages from defendants HENKEL CORPORATION and HENKEL U.S. OPERATIONS CORPORATION for their non-economic and economic injuries that exceed $75,000.00, the sum specified by 28 U.S.C. §1332.

103.    By reason of the foregoing, plaintiff KEITH TOMCZYK demands judgment against defendant in the amount of $25,000,000.00 in damages.

104.    By reason of the foregoing, plaintiff WHISPER DEMPSEY demands judgment against defendant in the amount of $25,000,000.00 in damages.

**THIRD CAUSE OF ACTION:**
**STRICT PRODUCTS LIABILITY FOR FAILURE TO PROVIDE**
**ADEQUATE WARNINGS & USE INSTRUCTIONS**

105.    Plaintiffs KEITH TOMCZYK AND WHISPER DEMPSEY repeat, reallege and reiterate each and every allegation contained in paragraphs numbered "1" through "104" of the Complaint as if fully repeated, realleged and reiterated in this paragraph.

106.    HENKEL CORPORATION and HENKEL U.S. OPERATIONS CORPORATION owed a duty to users, including KEITH TOMCZYK and WHISPER DEMPSEY, of its product "Turco", and/or similar TCE products in aerosol, liquid and liquid bulk form, used by the U.S.

Navy to properly and adequately provide warnings to users about the inherent hazards, dangers and/or risks of these products to human health, safety and welfare.

107.    HENKEL CORPORATION and HENKEL U.S. OPERATIONS CORPORATION owed a duty to users, including KEITH TOMCZYK and WHISPER DEMPSEY, of its product "Turco", and/or similar TCE products in aerosol, liquid and liquid bulk form, used by the U.S. Navy to properly and adequately instruct, educate and inform users about the inherent hazards, dangers and/or risks of these products to human health, safety and welfare.

108.    HENKEL CORPORATION and HENKEL U.S. OPERATIONS CORPORATION owed a duty to users, including KEITH TOMCZYK and WHISPER DEMPSEY, of its product "Turco", and/or similar TCE products in aerosol, liquid and liquid bulk form, used by the U.S. Navy to provide instructions for the proper and safe use of these products.

109.    HENKEL CORPORATION and HENKEL U.S. OPERATIONS CORPORATION owed a duty to users of its product "Turco", and/or similar TCE products in aerosol, liquid and liquid bulk form, used by the U.S. Navy, including KEITH TOMCZYK and WHISPER DEMPSEY, to properly and adequately provide instructions for the safe discharge, release, discard and disposal of these products.

110.    HENKEL CORPORATION and HENKEL U.S. OPERATIONS CORPORATION breached and violated their duties to KEITH TOMCZYK and WHISPER DEMPSEY and other service members of the U.S. Navy, in failing to properly and adequately provide warnings to users of its product "Turco" and/or similar TCE products in aerosol, liquid and liquid bulk form, about the inherent hazards, dangers and/or risks of these products to human health, safety and welfare.

111.    HENKEL CORPORATION and HENKEL U.S. OPERATIONS CORPORATION breached and violated their duties to KEITH TOMCZYK and WHISPER DEMPSEY and other

service members of the U.S. Navy, in failing to properly and adequately instruct, educate and inform users of its product "Turco" and/or similar TCE products in aerosol, liquid and liquid bulk form, about the inherent hazards, dangers and/or risks of these products to human health, safety and welfare.

112.   HENKEL CORPORATION and HENKEL U.S. OPERATIONS CORPORATION breached and violated their duties to KEITH TOMCZYK and WHISPER DEMPSEY and other service members of the U.S. Navy, in failing to provide instructions for the proper and safe use of these products.

113.   HENKEL CORPORATION and HENKEL U.S. OPERATIONS CORPORATION breached and violated their duties to KEITH TOMCZYK and WHISPER DEMPSEY and other service members of the U.S. Navy, in failing to properly and adequately provide instructions for the safe discharge, release, discard and disposal of these products.

114.   HENKEL CORPORATION and HENKEL U.S. OPERATIONS CORPORATION manufactured, marketed, distributed, sold, supplied and/or placed into the stream of commerce the product "Turco", and/or similar TCE products in aerosol, liquid and liquid bulk form, used by the U.S. Navy, that did not properly and adequately provide warnings to users about the inherent hazards, dangers and/or risks of these products to human health, safety and welfare to the detriment of KEITH TOMCZYK and WHISPER DEMPSEY and other service members of the U.S. Navy.

115.   HENKEL CORPORATION and HENKEL U.S. OPERATIONS CORPORATION manufactured, marketed, distributed, sold, supplied and/or placed into the stream of commerce the product "Turco", and/or similar TCE products in aerosol, liquid and liquid bulk form, used by the U.S. Navy, that did not properly and adequately instruct, educate and inform users about the inherent hazards, dangers and/or risks of these products to human health, safety and welfare to the

detriment of KEITH TOMCZYK and WHISPER DEMPSEY and other service members of the U.S. Navy.

116.   HENKEL CORPORATION and HENKEL U.S. OPERATIONS CORPORATION manufactured, marketed, distributed, sold, supplied and/or placed into the stream of commerce the product "Turco", and/or similar TCE products in aerosol, liquid and liquid bulk form, used by the U.S. Navy, that did not provide instructions for the proper and safe use of these products.

117.   HENKEL CORPORATION and HENKEL U.S. OPERATIONS CORPORATION manufactured, marketed, distributed, sold, supplied and/or placed into the stream of commerce the product "Turco", and/or similar TCE products in aerosol, liquid and liquid bulk form, used by the U.S. Navy, that did not properly and adequately provide instructions for the safe discharge, release, discard and disposal of these products to the detriment of KEITH TOMCZYK and WHISPER DEMPSEY and other service members of the U.S. Navy.

118.   The product "Turco", and/or similar TCE products in aerosol, liquid and liquid bulk form, used by the U.S. Navy, distributed and supplied by HENKEL CORPORATION and HENKEL U.S. OPERATIONS CORPORATION, were human carcinogens, nephrotoxic, toxic to human health in many ways, and ultra-hazardous, hazardous and dangerous to human health, safety and welfare.

119.   KEITH TOMCZYK and WHISPER DEMPSEY and other service members of the U.S. Navy, sustained TCE exposures that were carcinogenic, nephrotoxic, toxic, and/or ultra-hazardous, hazardous and/or dangerous to their health, safety and welfare as a result of their use of "Turco".

120.   The foregoing hazards, dangers and risks to the human health, safety and welfare of KEITH TOMCZYK and WHISPER DEMPSEY and other service members of the U.S. Navy,

from the use "Turco" and/or similar TCE products manufactured, marketed, distributed, sold, supplied and/or placed into the stream of commerce by HENKEL CORPORATION and HENKEL U.S. OPERATIONS CORPORATION were inherent, latent and not open or obvious.

121.    The foregoing hazards, dangers and risks to human health, safety and welfare of KEITH TOMCZYK and WHISPER DEMPSEY and other service members of the U.S. Navy, from the use and/or misuse of "Turco" and/or similar TCE products manufactured, marketed, distributed, sold, supplied and/or placed into the stream of commerce by HENKEL CORPORATION and HENKEL U.S. OPERATIONS CORPORATION was foreseeable.

122.    HENKEL CORPORATION and HENKEL U.S. OPERATIONS CORPORATION are strictly liable for the manufacture, market, distribute, sell and/or place into the stream of commerce the product "Turco", and/or similar TCE products in aerosol, liquid and liquid bulk form, used by the U.S. Navy, without the foregoing proper and adequate warnings and instructions about the hazards, dangers and risks to human health, safety and welfare presented by these dangerously defective and inherently ultra-hazardous, hazardous and dangerous nature of these products.

123.    The foregoing conduct of HENKEL CORPORATION and HENKEL U.S. OPERATIONS CORPORATION caused, contributed to and were substantial factors resulting in KEITH TOMCZYK's and WHISPER DEMPSEY's cancers, toxicities, injuries, illnesses, harm, losses and damages.

124.    The foregoing conduct of HENKEL CORPORATION and HENKEL U.S. OPERATIONS CORPORATION caused, contributed to and were substantial factors resulting in KEITH TOMCZYK's kidney cancer, kidney failure risks, need for left radical nephrectomy, recurrent metastatic disease, need for VATS wedge resection, need for combination

immunotherapy, conscious pain and suffering, grave injury, consequential medical sequelae, scarring, disfigurement, cancer recurrence risks, worsened prognosis, decreased life expectancy, distress, anguish, worry, anxiety, fatigue, medical monitoring, past and future medical expenses, past and future income loss, past and future occupational disabilities, limitations in activities of daily living, and loss of enjoyment of life.

125.   The foregoing conduct of HENKEL CORPORATION and HENKEL U.S. OPERATIONS CORPORATION caused, contributed to and were substantial factors resulting in WHISPER DEMPSEY's breast cancer, need for lumpectomy, need for a modified radical mastectomy, bone marrow transplant, metastatic disease, need for cholecystectomy, headaches, lymphedema, neuropathy, conscious pain and suffering, grave injury, consequential medical sequelae, scarring, disfigurement, recurrence risks, worsened prognosis, decreased life expectancy, distress, anguish, worry, anxiety, medical monitoring, past and future medical expenses, past and future income loss, past and future occupational disabilities, limitations in activities of daily living, and loss of enjoyment of life.

126.   The injuries, illnesses, harm, losses and damages sustained by KEITH TOMCZYK and WHISPER DEMPSEY were caused solely and wholly by virtue of the foregoing acts, omissions and conduct of HENKEL CORPORATION and HENKEL U.S. OPERATIONS CORPORATION and were in no way caused and/or contributed to by the plaintiffs herein.

127.   As a result of HENKEL CORPORATION and HENKEL U.S. OPERATIONS CORPORATION's actions, plaintiffs TOMCZYK and DEMPSEY were unaware, and could not have reasonably known or have learned through reasonable diligence that "Turco" contact, exposed plaintiffs to the risks alleged herein and that those risks were the direct and proximate

result of HENKEL CORPORATION and HENKEL U.S. OPERATIONS CORPORATION's acts and omissions.

128.   As a result of the foregoing conduct of HENKEL CORPORATION and HENKEL U.S. OPERATIONS CORPORATION, KEITH TOMCZYK and WHISPER DEMPSEY have been damaged in an amount in excess of $75,000.00, the sum specified by 28 U.S.C. §1332.

129.   By reason of the foregoing, plaintiffs TOMCZYK and DEMPSEY are entitled to monetary damages from defendants HENKEL CORPORATION and HENKEL U.S. OPERATIONS CORPORATION for their non-economic and economic injuries that exceed $75,000.00, the sum specified by 28 U.S.C. §1332.

130.   By reason of the foregoing, plaintiff KEITH TOMCZYK demands judgment against defendant in the amount of $25,000,000.00 in damages.

131.   By reason of the foregoing, plaintiff WHISPER DEMPSEY demands judgment against defendant in the amount of $25,000,000.00 in damages.

## FOURTH CAUSE OF ACTION:
## LOSS OF CONSORTIUM

132.   Plaintiffs WHISPER DEMPSEY and JAMES DEMPSEY repeat, re-allege and reiterate each and every allegation contained in paragraphs numbered "1" through "131" of the Complaint as if fully repeated, re-alleged and reiterated in this paragraph.

133.   That all times hereinafter mentioned, plaintiff JAMES DEMPSEY was and is the lawfully wedded husband of plaintiff WHISPER DEMPSEY and, as such, was and is entitled to the services, consortium and society of WHISPER DEMPSEY.

134.   By reason of the foregoing negligence, strict liability and gross negligence of the defendant HENKEL CORPORATION and HENKEL U.S. OPERATIONS CORPORATION,

plaintiff JAMES DEMPSEY was deprived of the aforesaid services, consortium and society of WHISPER DEMPSEY.

135.    By reason of the foregoing, plaintiff JAMES DEMPSEY is entitled to monetary damages for his loss of services, consortium and society.

136.    By reason of the foregoing, plaintiff JAMES DEMPSEY is entitled to damages from defendants HENKEL CORPORATION and HENKEL U.S. OPERATIONS CORPORATION for his non-economic and economic injuries.

137.    By reason of the foregoing, plaintiff JAMES DEMPSEY demands judgment against defendants HENKEL CORPORATION and HENKEL U.S. OPERATIONS CORPORATION in the amount of $5,000,000.00 in damages.

## **JURY DEMAND**

138.    Plaintiffs demand a trial by jury, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, of all issues so triable.

**WHEREFORE,** plaintiffs demand judgment awarding damages against defendants HENKEL CORPORATION and HENKEL U.S. OPERATIONS CORPORATION on the first, second, and third causes of action in the Complaint in the amount of $25,000,000.00 for each cause of action; damages on the fourth cause of action in the Complaint against defendants HENKEL

CORPORATION and HENKEL U.S. OPERATIONS CORPORATION in the amount of $5,000,000.00; and the interest, costs and disbursements of this action, together with such other and further relief as the court deems just and proper.

Dated: New York, New York
October 9, 2020

Yours, etc.,

**JOSEPH LANNI, ESQ.**
THE JACOB FUCHSBERG LAW FIRM, LLP
Attorneys for Plaintiffs
KEITH TOMCZYK, WHISPER DEMPSEY and
JAMES DEMPSEY
3 Park Avenue, 37th Floor
New York, New York 10016
Tel.: (212) 869-3500
Fax: (212) 398-1532
j.lanni@fuchsberg.com